## Bossen v. Nocella (No. 1)

*Wisler, Pearlstine & Talone,* for plaintiffs.

*Wolf, Block, Schorr & Solis-Cohen* and *Maxwell Strawbridge,* for defendants.

FORREST, J., May 13, 1958.—This matter is before the court upon a petition and rule to show cause why leave should not be granted to amend a mechanic's lien against 20 residential properties and upon answer thereto. The claim was filed on June 27, 1956. On December 27, 1957, defendants petitioned to strike off the lien claim. On the petition to strike, a rule was granted by the court and an answer filed by claimants. Then, on February 27, 1958, the petition to amend the lien claim was filed. This petition avers "that due to the inadvertence of the attorney for plaintiffs," the lienor included a claim based upon materials furnished to defendants for certain ranch type houses under a contract entered into on May 18, 1953, whereas the claim should be based only upon materials furnished for certain split-level houses under a contract of October, 1954, that as a result, certain invoices listed in the claim were improper and the claim is excessive by $1,433.44, that claimants inadvertently failed to aver in the claim that the work and materials were supplied continuously beginning March 10, 1955, and that claimants inadvertently failed to aver that a certain road separating the lots against which the lien was

filed was not a dedicated street at the date of the contract.

Defendants' answer to the latter petition is three fold: (1) Claimants failed to aver under oath that the facts averred in the original claim were erroneously or wrongfully stated; (2) claimants failed to aver under oath the truth of the averments allegedly omitted from the claim, to wit, that the work and materials were supplied continuously, and certain other averments; (3) a sheriff's sale was held as to six of the lots on January 23, 1958; and (4) the original claim was fatally and incurably defective and the time for filing an original claim has elapsed.

The Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 51, as amended, 49 PS §243 provides: "Any claim . . . may be amended from time to time . . . by leave of the court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are *true in fact*, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired . . ." In this case claimant's affidavit is "that the facts set forth in the foregoing petition are true and correct *to the best of his information, knowledge and belief.*" This affidavit is insufficient to comply with the express terms of the act which is in derogation of the common law. The words "true in fact" permit no speculative averment on information and belief.

"Mechanics' liens are purely of statutory origin, and complete compliance with statutory requirements is essential to their validity": Moser v. Loeper, 8 D. & C. 651, 652 (1926). See also Sitler v. P.O.S. of A. Hall Assn., 4 D. & C. 694 (1923). "Because of the somewhat summary character of the proceeding it is only just that claimant be rigidly held to a strict com-

pliance with what the statute requires of him": Gabro v. Uzelac, 79 D. & C. 130, 132 (1950).

"The obvious purpose of the amendment is to nega-tive that to which the plaintiff has already sworn in his lien . . . Under such circumstances, the court should not permit an amendment in direct conflict with the averments to which the plaintiff has sworn in the lien, . . . where the plaintiff will not distinctly and unequivocally swear that the statements contained in the averments of the amendment are true, and that the parts of the lien which he asks to strike out by way of amendment are not true and were 'wrongfully stated' in the lien filed": Dyer v. Wallace No. 2, 27 Dist. R. 1050, 1053 (1918).

"The (claimant's) only averment in his affidavit to the petition for leave to amend is, 'that the averments in the foregoing petition contained are true as he verily believes,' . . . As the affidavit fails to state that the averments in the petition are true in fact, . . . the amendment was properly refused": Dyer v. Wallace, 264 Pa. 169, 177 (1919).

Citing Burke v. Kennedy, 21 Dist. R. 1093 (1912), counsel for defendant also contends that claimant manifestly prepared the lien claim under a mistake of law and not of fact, and that such a mistake is outside of the purview of the provision of the act authorizing amendment of claims. However, as has been demonstrated, claimant's petition to amend must be refused by reason of section 51 of the act, which has been discussed heretofore.

It is unnecessary to consider the other contentions of defendants, or any other matters raised in their answer. However, even if the amendments were allowed, as sought by claimants, they would still be faced with formidable objections to their claim, particularly as respects the filing of a single claim covering numerous separate private dwelling houses.

And now, May 13, 1958, the rule is discharged, and the petition to amend the mechanic's lien claim is refused. Exception to claimants.